# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CLIFF STEVENSON JACKSON,

    Petitioner,

vs.

D.W. NEVEN, *et al.*,

    Respondents.

Case No. 2:14-cv-01454-GMN-NJK

**ORDER**

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (ECF No. 10).

**I. Procedural History**

On October 21, 2008, the State filed a criminal information charging petitioner with the following: Count 1, burglary while in possession of a deadly weapon in violation of court order; Count 2, invasion of a home while in possession of a deadly weapon in violation of court order; Count 3, burglary while in possession of a deadly weapon; Count 4, burglary while in possession of a deadly weapon in violation of court order; Count 5, first degree kidnapping with the use of a deadly weapon; Count 6, assault with a deadly weapon in violation of court order; Count 7, coercion

with the use of a deadly weapon. (Exhibit 6).[1] At his arraignment, petitioner entered a not guilty plea. (Exhibit 7).

Petitioner filed a pretrial petition for writ of habeas corpus on January 29, 2009. (Exhibit 8). The state filed a response to the petition. (Exhibit 9). On February 18, 2009, the state district court heard arguments on the matter. (Exhibit 10). On the same date, the Court entered a minute order denying the petition. (Exhibit 11).

On July 10, 2009, the parties entered into a plea agreement filed in open court. (Exhibit 22). Petitioner pled guilty pursuant to the plea agreement and the matter was set for sentencing. (Exhibit 23). The plea agreement stipulated a term of imprisonment of 10–25 years incarceration under the large habitual criminal statute. (Exhibit 22). The plea agreement also contained a provision allowing petitioner to be placed on house arrest for a period not exceeding 30 days. (*Id.*).

On July 15, 2009, the parties notified the trial court that petitioner could not be placed on house arrest. (Exhibit 24). The trial court continued the matter to give petitioner an opportunity to withdraw his plea, since he would not be getting the benefit of the plea into which he entered. (*Id.*). On July 22, 2009, the parties informed the court that the plea agreement would go forward without the house arrest provisions. (Exhibit 25). On October 2, 2009, petitioner filed a motion to withdraw his plea. (Exhibit 26). The court ordered supplemental briefing on the motion. (Exhibit 27). On March 1, 2010, the court conducted an evidentiary hearing on petitioner's motion to withdraw his guilty plea. (Exhibit 32). At the conclusion of the hearing, the court withdrew petitioner's guilty plea and set the matter on calendar for trial. (Exhibit 32, at pp. 5-6).

On September 2, 2010, petitioner filed two motions in limine. (Exhibit 33). On September 10, 2010, petitioner's attorney filed a motion to withdraw. (Exhibit 34). The court granted the motion to withdraw and referred the matter to the indigent defense office for appointment of counsel. (Exhibit 35). Petitioner was then represented by Cynthia Dustin, Esq. (Exhibit 37).

On December 1, 2010, the parties appeared for calendar call and announced they were ready for trial, starting on December 6, 2010. (Exhibit 38). On December 6, 2010, the State filed an

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 13-14.

amended information. (Exhibit 41). On December 6, 2010, the trial began and continued through December 13, 2010. (Exhibits 42-47). The jury found petitioner guilty of Counts 1, 3, and 4, but not guilty of Counts 6, and unable to reach a verdict on Counts 2, 5, and 7. (Exhibit 49).

The parties appeared for sentencing on March 10, 2011. (Exhibit 50). The state filed copies of petitioner's priors with the trial court. (Exhibit 50, at p. 10). The trial court sentenced petitioner to 10 to 25 years on all counts, running Counts 1 and 3 consecutive and Count 4 concurrent. (Exhibit 50). The trial court stayed the entry of judgment for two weeks. (Exhibit 50, at pp. 11-12).

The judgment of conviction was filed on April 11, 2011. (Exhibit 54). On July 12, 2012, the State notified the trial court that it would dismiss the remaining charges. (Exhibit 56).

Petitioner appealed his judgment of conviction. (Exhibit 55). Petitioner filed his fast track statement on August 17, 2011. (Exhibit 57). Petitioner made the following claims on direct appeal: (1) the district court erred in admitting bad acts evidence; (2) the district court erred in denying the motion for mistrial; (3) insufficient evidence to sustain the convictions; (4) the district court erred in failing to admit defense evidence; and (5) cumulative error. (Exhibit 57, at p. 6). The State filed a fast track response on October 18, 2011. (Exhibit 58). On April 12, 2012, the Nevada Supreme Court affirmed petitioner's convictions. (Exhibit 59). Remittitur issued on May 9, 2012. (Exhibit 60).

On October 18, 2012, petitioner filed a motion to obtain his court file. (Exhibit 61). On November 1, 2012, petitioner filed a motion for the appointment of counsel. (Exhibit 61). On November 19, 2012, the trial court granted a motion withdrawing defense counsel and directing counsel to send petitioner a copy of his file. (Exhibit 64). On November 26, 2012, the court denied the motion for counsel, finding it premature. (Exhibit 65). An order denying counsel was filed on December 27, 2012. (Exhibit 66). On February 19, 2013, petitioner filed a motion to show cause concerning the forwarding of his file. (Exhibit 67). On May 1, 2013, the court was notified that petitioner received his court file. (Exhibit 68).

On May 20, 2013, petitioner filed his post-conviction habeas petition in state district court. (Exhibit 69). The State filed a response to the motion to dismiss on July 12, 2013. (Exhibit 70). On July 17, 2013, the court gave petitioner an opportunity to file a pleading addressing the issue of

the statute of limitations. (Exhibit 71). Petitioner filed a supplement on August 2, 2013. (Exhibit 72). On August 14, 2013, the court continued the matter. (Exhibit 73). The court also continued the matter on August 16, 2013, and November 13, 2013. (Exhibit 74). On January 9, 2014, the State filed a response to petitioner's supplement. (Exhibit 75). On January 15, 2014, the state district court denied the petition as untimely. (Exhibit 76). Petitioner filed a notice of appeal on February 12, 2017. (Exhibit 77). On February 28, 2014, the state district court filed a written order denying the petition as untimely. (Exhibit 78). On June 11, 2014, the Nevada Supreme Court affirmed the denial of the post-conviction habeas petition as untimely. (Exhibit 79). Remittitur issued on July 8, 2014. (Exhibit 80).

On September 9, 2014, the Clerk of Court received petitioner's federal habeas petition. (ECF No. 1-1). Petitioner signed his petition on September 4, 2014. (ECF No. 1-1, at p. 15). On October 16, 2014, petitioner filed a supplemental petition. (ECF No. 6). On April 15, 2015, the Court issued an order granting petitioner's motion to proceed in forma pauperis, denying petitioner's motion for the appointment of counsel, and directing respondents to respond to the petition. (ECF No. 7). Respondents filed the instant motion to dismiss. (ECF No. 10).

**II. Discussion**

Respondents contend that the petition and supplemental petition were untimely filed. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

In the present case, petitioner's judgment of conviction was entered on April 11, 2011. (Exhibit 54). The Nevada Supreme Court's order, affirming the conviction on direct review, was filed on April 12, 2012. (Exhibit 59). Petitioner had ninety days from that date to seek *certiorari* with the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999). Petitioner's conviction became final 90 days later, on July 11, 2012, at the expiration of the time period to file an application for certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d at 1158-60; *see also* Nevada Supreme Court Rules, Rule 13(1). Petitioner then had one

1  year, until July 11, 2013, to file the federal habeas petition, unless the time was otherwise tolled by
2  federal statute.
3        A properly filed state post-conviction petition tolls the statute of limitations. 28 U.S.C.
4  § 2244(d)(2). A state post-conviction petition that violates the state statute of limitations is not
5  "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 412-
6  16 (2005). Petitioner filed his state post-conviction habeas petition on May 20, 2013. (Exhibit 69).
7  The state district court dismissed the petition as untimely. (Exhibits 76 & 78). The Nevada Supreme
8  Court also held that petitioner's state habeas petition was untimely pursuant to NRS 34.726.
9  (Exhibit 79). Thus, the state habeas petition was not a "properly filed application" that would toll
10 the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2). The time period during which
11 petitioners' state habeas petition was pending in state court is not statutorily tolled.
12       The original petition does not indicate on what date petitioner mailed it to this Court for
13 filing. The petition was received and filed in this Court on September 9, 2014. (ECF No. 1-1). The
14 petition and accompanying declaration was signed by petitioner on September 4, 2014. (ECF No. 1-
15 1, at p. 15). As such, the earliest date on which the petition could been dispatched for mailing and
16 deemed filed is September 4, 2014.[2] Over 13 months, which were not tolled by statute, elapsed
17 before petitioner filed the federal habeas corpus petition. The federal petition is untimely under the
18 AEDPA's one-year statute of limitations.
19       Additionally, petitioner's supplemental petition, filed October 16, 2014, is also untimely
20 filed. (ECF No. 6). Petitioner claims that he turned over the supplemental petition to prison staff for
21 mailing on August 28, 2014. (ECF No. 6, at p. 1). This allegation seems unlikely, given the fact that
22 petitioner did not sign the original petition until September 4, 2014, and this Court did not receive it
23 until September 9, 2014. (ECF No. 1-1). In any event, the supplemental petition was submitted to
24 this Court after the AEDPA statute of limitations expired on July 11, 2013.

---

[2] Under the prison mailbox rule of *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), a federal habeas petition is deemed filed at the time the prisoner delivers it to prison authorities for mailing to the clerk of the court.

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In the instant case, petitioner argues that the Nevada Supreme Court erred in finding his state habeas petition untimely and that the Nevada Supreme Court's remittitur is confusing.[3] Petitioner alleges that his appellate counsel on direct appeal failed to inform him of the statute of limitations for his state habeas petition. Petitioner also alleges that the prison law library staff failed to inform him of the statute of limitations for filing his state habeas petition. (ECF No. 17, at pp. 2-25). While petitioner states what he believes were impediments to filing a timely post-conviction habeas petition in state court, petitioner does not allege any facts that prevented him from filing a timely *federal* petition. In order to justify equitable tolling of the statute of limitations for filing a federal petition, petitioner must demonstrate diligent pursuit of his claims and extraordinary circumstances. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006); *see also Holland*, 130 S.Ct. at 2560. Petitioner has not demonstrated that he is entitled to equitable tolling of the AEDPA's federal statute of limitations. *Holland v. Florida*, 130 S.Ct. at 2560-62. As such, this action must be dismissed with prejudice as untimely.

**III. Certificate of Appealability**

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of

---

[3] The Nevada Supreme Court rejected petitioner's claim that the remittitur was unclear when he presented that claim to excuse the untimely filing of his state habeas petition. (Exhibit 79, at pp. 2-3).

appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this __15__ day of April, 2016.

Gloria M. Navarro, Chief Judge
United States District Court